**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

ZARA MOSS,

      Plaintiff,

    v.

THE PENNSYLVANIA STATE
UNIVERSITY, *et al.*,

      Defendants.

No. 4:22-CV-00529

(Chief Judge Brann)

**MEMORANDUM OPINION**

**OCTOBER 23, 2023**

Pending before this Court is Plaintiff's Motion for Reconsideration of the dismissal of Count VII from the Second Amended Complaint, a negligent supervision claim asserted against The Pennsylvania State University ("Penn State"). This motion is now ripe for consideration; for the following reasons, it is denied.

## I. BACKGROUND

This Court previously concluded that Penn State did not owe Zara Moss a duty under Pennsylvania law due to her relationship with Penn State as a student athlete or the School's commitments in its Student Athlete Book.[1] Moss contends that a duty of care instead arises out of the relationship between Weislaw Glon and

---

[1] *See* Doc. 78 (Memorandum Opinion) at 31-32.

the University.[2] In support of her negligent supervision claim, Plaintiff alleges that Penn State "allowed [Glon to subject her to] a years-long pattern of gender-based harassment."[3] In response, Penn State asserts that the Court correctly dismissed Count VII, and, for the first time, argues that the Pennsylvania Human Relations Act ("PHRA") preempts this cause of action.[4]

## II. DISCUSSION

### A. Standard for a Motion for Reconsideration

Typically, a final judgment "may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence . . . or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."[5]  However, when dealing with a nonfinal, interlocutory order, courts have much broader authority to revise the order "when consonant with justice to do so."[6]  Because this Court's Order partially granting Defendants' Motion to Dismiss is not a final

---

[2]   Doc. 85 (Brief in Support of Motion for Reconsideration) at 2.
[3]   *Id.*
[4]   Doc. 88 (Brief in Opposition of Motion for Reconsideration) at 1.
[5]   *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).
[6]   *St. Mary's Area Water Auth. v. St. Paul Fire & Marine Ins. Co.*, 472 F. Supp. 2d 630, 632 (M.D. Pa. 2007) (quoting *United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973)); *see In re Energy Future Holdings Corp.*, 904 F.3d 298, 310-11 (3d Cir. 2018) ("We have, on occasion, stated that lower courts possess inherent power over interlocutory orders, and can reconsider them when it is consonant with justice to do so.") (cleaned up).

judgment,[7] it constitutes an interlocutory order and will be governed under the broader "consonant with justice" standard.[8]

"Before entertaining a motion for reconsideration of an interlocutory order, the movant must still establish good cause for why the court should revisit its prior decision."[9]  A "motion for reconsideration is 'not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant.'"[10]  In other words, it "should not be used to try to get a 'second bite at the apple,' or to raise new arguments or evidence that could have been proffered prior to the issuance of the order in question."[11]

## B.    The Correction of a Clear Error of Law

Moss asserts that the Court's prior conclusion that Penn State did not owe her a duty of care is a clear error of law.[12] As this Court has acknowledged elsewhere, the "'special relationship' at issue [for a negligent supervision claim] is not between

---

[7]   *See* Doc. 79 (Order Partially Granting Motion to Dismiss); *Ndaula v. Clinton Cty. Corr. Facility*, 1:20-cv-1160, 2021 U.S. Dist. LEXIS 28967, at *5-6 (M.D. Pa. Feb. 17, 2021).

[8]   The proper vehicle for reconsideration is Federal Rule of Civil Procedure 54, which provides the Court with discretion to "modify any earlier order."  *Confer v. Custom Eng'g Co. Emp. Health Benefit Plan*, 760 F. Supp. 75, 77 (W.D. Pa. 1991) (citing *Juzwin v. Amtorg, Trading Corp.*, 718 F. Supp. 1233, 1234 (D.N.J. 1989)).

[9]   *Qazizadeh v. Pinnacle Health Sys.*, 214 F. Supp. 3d 292, 295 (M.D. Pa. 2016) (citing *Confer*, 760 F. Supp. at 77).

[10]  *Id.* (quoting *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002)).

[11]  *Id.* (cleaned up) (quoting *Kropa v. Cabot Oil & Gas Corp.*, 716 F. Supp. 2d 375, 378 (M.D. Pa. 2010) *and McDowell Oil Serv., Inc. v. Interstate Fire & Cas. Co.*, 817 F. Supp. 538, 541 (M.D. Pa. 1993)).

[12]  *See* Doc. 79 (Order Partially Granting Motion to Dismiss) at 31-32; Doc. 85 (Brief in Support of Motion for Reconsideration) at 2.

the defendants and the injured party, but between the defendants and the third person who caused the injury."[13] Because the Court exclusively evaluated the relationship between Moss and Penn State, a clear error of law exists. The Court will now turn to evaluating the arguments set forth by the parties.

### C.      Preclusion by the Pennsylvania Human Relations Act

It must first be determined whether Penn State waived its argument that the PHRA's exclusivity provision precludes this common law tort action. The prohibition on raising new arguments in a motion for reconsideration prevents the moving party from getting a "second bite at the apple."[14] There is no indication that this concern exists regarding the non-movant's response. Further, Rule 54(b) is a flexible mechanism that allows interlocutory orders to be revised as "the litigation develops and new facts or arguments come to light."[15] Bearing in mind these considerations, I conclude that Penn State did not waive this argument by failing to raise it until the pendency of the present motion.

Penn State qualifies as a place of public accommodation under the PHRA and is therefore subject to its exclusivity provision.[16] The PHRA 'states that it provides

---

[13]   *Oldham v. Pa. State Univ.*, 4:20-CV-02364, 2022 U.S. Dist. LEXIS 87272, at *54 (M.D. Pa. May 13, 2022) (citing *Brezenski v. World Truck Transfer, Inc.*, 755 A.2d 36, 42 (Pa. Super. Ct. 2000)).

[14]   *Qazizadeh*, 214 F. Supp. 3d at 295 (quoting *Kropa*, 716 F. Supp. 2d at 378 *and McDowell Oil Serv., Inc.*, 817 F. Supp. at 541).

[15]   *Carlson v. Boston Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017). *See also Cobell v. Jewell*, 802 F.3d 12 (D.C. Cir. 2018).

[16]   *See* 43 PA. STAT. ANN. §§ 954(1), 955(11)(i)(1) (2023).

4

the 'exclusive' procedure for complaining of acts it declares as unlawful and that 'the final determination therein shall exclude any other action, civil or criminal, based on the same grievance of the complainant concerned.'"[17] Most courts have interpreted this provision to preempt any common law actions based on "a prohibited form of discrimination."[18] This is true even if the plaintiff never availed himself of the PHRA's procedures.[19] The "majority of case law [therefore] supports preemption of common tort law claims if they arise from the same facts as claims brought under the PHRA."[20]

Against this interpretive backdrop, Moss' negligent supervision claim is precluded by the PHRA as it is based on the "years-long pattern of gender-based harassment [she suffered] when she was a student-athlete."[21] As a result, the acts "that would support the common law claim [of negligent supervision are] only [acts] of discrimination" and the tort claim "is preempted by and must be adjudicated within the framework of the PHRA."[22]

---

[17]   *Bosley v. Rawden J.V. Corp.*, No. 21-CV-4616, 2022 U.S. Dist LEXIS 124488, at *5 (E.D. Pa. July 14, 2022) (citing 43 PA. STAT. ANN. § 962(b) (2023)).

[18]   *Id.* (quoting *Hainan v. S&T Bank*, Civ. A. No. 10-1600, 2011 U.S. Dist. LEXIS 45361, at *2 (W.D. Pa. Apr. 27, 2011)).

[19]   *See e.g.*, *Herb v. Keystone Hum. Servs.*, 292 A.3d 1077 (Pa. Super. Ct. 2023) (describing the lower court decision preempting the plaintiff's sole cause of action: a negligent supervision claim).

[20]   *Bosley*, 2022 U.S. Dist. LEXIS 124488, at *8.

[21]   Doc. 85 (Brief in Support of Motion for Reconsideration) at 2.

[22]   *Keck v. Commercial Union Ins. Co.*, 758 F. Supp. 1034, 1039 (M.D. Pa. 1991). *See also Herb*, 292 A.3d at 1077 (describing the lower court decision preempting the plaintiff's sole cause of action: a negligent supervision claim).

Finally, Plaintiff's reliance on *Harrison v. Health Network Labs. Ltd. P'ships*[23] cannot save this cause of action. The Supreme Court of Pennsylvania in *Harrison* concluded that the PHRA does not foreclose "other possible remedies existing under a 'municipal ordinance, municipal charter or of any law of this Commonwealth relating to discrimination.'"[24] Moss argues that this preserves her tort claim. *Harrison* itself defeats this argument by recognizing that the preclusion of tort remedies was "inapposite" to its analysis because Harrison did "not attempt to pursue a common law tort action."[25]

## III.    CONCLUSION

Because the PHRA precludes Moss' negligent supervision claim, there is no need to reevaluate the merits of her claim. Therefore, the Plaintiff's Motion for Reconsideration is denied, and this Court affirms its prior dismissal of Count VII of the Second Amended Complaint.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[23]  *Harrison v. Health Network Labs. Ltd. P'ships*, 232 A.3d 674, 683 (Pa. 2020).
[24]  *Id.*
[25]  *Id.*